IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM CHRISTOPHER CHEATHAM,

Plaintiff,

v.                                    CASE NO. 21-3153-SAC

ANDREW DEDEKE, et al.,

Defendants.

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff William C. Cheatham, a pretrial detainee at Leavenworth County Jail (LCJ) in Leavenworth, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated. He names as defendants Leavenworth County Sheriff Andrew Dedeke, LCJ Commander Lieutenant Eric Thorne, and the Leavenworth County Sheriff's Department. After receiving and reviewing the Amended Martinez Report and all other filings, the Court has identified several deficiencies in the Complaint but will allow Plaintiff the opportunity to file an Amended Complaint on court-approved forms that cures the deficiencies.

## I.  Nature of the Matter before the Court

Plaintiff filed his Complaint in this matter on June 30, 2021. (Doc. 1.) Since that time, Plaintiff has filed multiple additional documents characterized as supplements or addendums to the

Complaint. (Docs. 3, 6, 16.) After conducting an initial screening of the Complaint, the Court ordered Defendants to file a Martinez Report (Doc. 7), which they did on January 3, 2022 (Doc. 17). Plaintiff filed a response to the Martinez Report (Doc. 13), but on February 28, 2022, Defendants filed an amended Martinez Report (Doc. 17), including additional information about events that have occurred since the filing of the first Martinez Report.

The Court has reviewed all of the pleadings and documents submitted in this matter and the specific violations Plaintiff seeks to allege remain unclear. In the portion of the Complaint stating the background and nature of the case, Plaintiff states that he is not receiving adequate mental health care or medical care. (Doc. 1, p. 2.) In Count I of his Complaint, Plaintiff alleges the violation of his "4th [and] 14th constitutional rights" and refers the Court to "attachments and exhibits," including a letter the American Civil Liberties Union (ACLU) sent to Defendant Dedeke and messages Plaintiff sent via the jail kiosk. *Id.* at 3.

The letter from the ACLU makes numerous allegations regarding inadequate mental healthcare at LCJ, but does not specifically identify any action or inaction related to Plaintiff. (Doc. 1-2, p. 1-7.) The kiosk communications are from 2018 and appear to relate to an earlier period of pretrial detention. *Id.* at 8-11. Also attached to the Complaint is a document titled "Notes and

Events in Medical Pod 'F—pod," which details Plaintiff's observations of the treatment of other inmates. *Id.* at 12-13.

Also attached to the Complaint is a "statement of facts" that includes details about rejected requests for mental health treatment and medication, but also refers to asserted failures related to the treatment and prevention of COVID-19 and the plight of other inmates Plaintiff believes are mentally ill. (Doc. 1-1.) The statement of facts asserts violations of the Eighth and Fourteenth Amendments to the United States Constitution. *Id.* at 2.

Plaintiff left blank the portion of the Complaint dedicated to Count II and part of the portion dedicated to Count III. (Doc. 1, p. 3-4.) Although Plaintiff does not identify a constitutional violation in Count III, he wrote in the portion of Count III for supporting facts that the ACLU letter "is [his] supporting facts and cases that support[ his] argument." *Id.* at 4. In his request for relief, Plaintiff seeks monetary relief "for the continuance of indifference, rude and unprofessional behavior of the administrative and nursing staff" that "mak[es] it very uncomfortable for inmates and detention officers to peaceful[ly] work together and to watch mentally impair[ed] people suffer without anyone to call out to for help because no one care[s]." *Id.* at 5.

The first exhibit later added to the Complaint is an inmate request form dated June 27, 2021, in which Plaintiff requests to

stay in a certain cell because his anxiety and depression is better when he is by himself, as he is in that cell. (Doc. 3-2.) Plaintiff also says he wishes to speak with a mental health counselor about medication and his diet. *Id.* The written response denies Plaintiff's requests, opining that Plaintiff has no mental health issues, current diagnosis or prescribed medications; Plaintiff has not received mental health services since 2018; and Plaintiff seems to "function just fine." *Id.*

The next exhibit that was later added to the Complaint first contains a medical request/sick call form from July 2021 in which Plaintiff sought testing for COVID-19, the COVID-19 vaccine, and a surgical mask. (Doc. 6-1, p. 1.) A second request in this exhibit seeks mental health services due to the increase in COVID-19 and indicates Plaintiff would like to resume medication he previously took for anxiety and depression. *Id.* at 2. The response to this request states, "1. you[] are now harassing, as this is answered multiple of [*sic*] time for [mental health]. You want to see a professional only when you are in jail not when you are out of jail. 2. why didn't you get the vaccine instead of drugs when you were out?" *Id.* A third request in this exhibit seeks a colon cancer screening. *Id.* at 3.

## II. Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or

any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

## III. Discussion

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).

Nevertheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or

construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The decisions in *Twombly* and *Erickson* created a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Under this new standard, courts determine whether a plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *Smith*, 561 F.3d at 1098 (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 550 U.S. at 570).

**A. Failure to Identify the Right at Issue**

As noted, to state a claim under § 1983, Plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States." The Tenth Circuit Court of Appeals has explained more specifically "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown*

*B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

It is not clear from the Complaint, the attachments, and the exhibits what constitutional right or rights Plaintiff believes was violated or exactly what actions or inaction he believes violated his rights. At various times, Plaintiff refers to the Fourth Amendment, the Eighth Amendment, and the Fourteenth Amendment. He refers to the denial of mental health services, the denial of COVID-19 testing and treatment, the unprofessional behavior of prison staff, and the treatment of other inmates.[1]

Generally construing the Complaint, as is appropriate because Plaintiff proceeds pro se, it appears Plaintiff may have intended to plead an Eighth Amendment violation on the grounds of denial of medical or mental health care or delay of such care. But the court is not free to construct a legal theory on Plaintiff's behalf. And even if Plaintiff intended to plead such a claim, it is unclear whether he meant to base the claim on mental health services, the provision of mental health medications, COVID-19-related services, or other services. If Plaintiff chooses to file an amended complaint, he must identify the constitutional right or rights he believes was violated and must allege sufficient facts to state a

---

[1] Plaintiff does not identify what constitutional provision, if any, is violated by the unprofessional behavior of prison staff. Moreover, Plaintiff may not bring suit based on the denial of medical care to other inmates; Plaintiff may only bring claims based on the alleged violation of his own constitutional rights, not those of others.

claim for relief.

**B. Defendant Leavenworth County Sheriff's Department**

Plaintiff has named the Leavenworth County Sheriff's Department as a defendant. To impose § 1983 liability on the county and its officials for acts taken by its employees, Plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *See Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998)(citing *Monell v. Department of Social Services*, 436 U.S. 658, 695 (1978)). Plaintiff has not alleged the existence of any county policy or custom that controls the actions or inaction he believes violated his constitutional rights. Thus, he has failed to allege facts supporting a § 1983 claim against the Leavenworth County Sheriff's Department.

**C. Defendants Dedeke and Thorne**

Plaintiff also names as defendants Sheriff Dedeke and Lieutenant/Commander Thorne. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) ("[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim.").

Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Relatedly, to the extent that Plaintiff intends to hold the individual Defendants liable due to the unsatisfactory responses Plaintiff received to his kiosk requests, those are similar to grievances. An allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)(A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.").

Plaintiff has not sufficiently alleged that either Defendant personally and directly denied his requests for medical care or mental health services, or that either Defendant's direct action or inaction violated his constitutional rights. Even liberally construing the complaint and taking all well-pleaded allegations therein as true, Plaintiff has failed to adequately allege sufficient personal involvement by Defendants Dedeke and Thorne to support a § 1983 claim against them.

**IV.   Response Required**

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety for failure to state a claim on which relief can be granted. The Court will grant Plaintiff the opportunity to file a complete and proper Amended Complaint upon court-approved forms that cures all the deficiencies.

Plaintiff should be aware that an Amended Complaint is not simply an addendum to the original complaint; it completely replaces it. Therefore, any claims or allegations not included in the Amended Complaint will not be before the Court. Plaintiff may not simply refer to an earlier pleading or filing. The Amended Complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those he wishes to retain from the original Complaint and his subsequent addendums and supplements to that Complaint.

Plaintiff must write the number of this case (21-3153) at the top of the first page of the Amended Complaint. *See* Fed. R. Civ. P. Rule 10. He should name each defendant in the caption and also refer to each defendant again in the body of the Amended Complaint, where he must allege facts describing the unconstitutional acts taken by each defendant, including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

In his Amended Complaint, Plaintiff must (1) name only appropriate defendants; (2) identify the particular federal constitutional right or rights he believes Defendants violated and identify the actions or inaction he believes violated those rights; (3) allege sufficient facts to state a claim of federal constitutional violation and show a cause of action in federal court; and (4) allege sufficient facts to show personal participation by each named defendant. If Plaintiff does not file an Amended Complaint within the given time that cures all the deficiencies discussed herein, this matter will be decided on the current deficient complaint.

## VI.  Other Pending Motion

Also before the Court is Plaintiff's motion to add additional documents and/or exhibits to his complaint. (Doc. 14.) Because Petitioner must file a complete and proper Amended Complaint, the motion is denied. Petitioner may include any attachments he wishes to his Amended Complaint. The Court cautions Plaintiff, however, that such attachments should be relevant to Plaintiff's claims as articulated in the Amended Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including April 8, 2022, to file a complete and proper Amended Complaint to cure all the deficiencies discussed herein. The clerk is directed to send § 1983 forms and instructions to Plaintiff. The failure to file a timely Amended Complaint may result in the

dismissal of this matter without prior notice to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's Motion (Doc. 14) is **denied.**

**IT IS FURTHER ORDERED** that no answer or motion addressed to the Complaint shall be filed until so ordered by the Court.


**IT IS SO ORDERED.**

DATED:  This 9th day of March, 2022, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge