IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM C. CHEATHAM,

                    Plaintiff,

vs.                                    Case No. 21-3153-SAC

ANDREW DEDEKE, et al.,

                    Defendants.


**O R D E R**

     This case is before the court for the purposes of screening plaintiff's amended complaint (Doc. No. 24).  See 28 U.S.C. § 1915A.  Plaintiff, <u>pro se</u>, has brought his amended complaint using forms for a civil rights complaint under 42 U.S.C. § 1983.[1] Plaintiff is an inmate at the Leavenworth County Jail (LCJ). Plaintiff alleges deliberate indifference to his mental health needs.

I. <u>Screening standards</u>

     The court has previously reviewed screening standards applied to <u>pro se</u> prisoner complaints.  Doc. No. 18, pp. 4-6.  The court incorporates those standards in this order by reference.

_____

[1] Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

II. <u>Prior screening order – Doc. No. 18</u>

As mentioned in a prior screening order, the Tenth Circuit has required that a complaint explain "'what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated.'" Doc. No. 18, p. 6 (quoting <u>Nasious v. Two Unknown B.I.C.E. Agents</u>, 492 F.3d 1158, 1163 (10th Cir. 2007)). The original complaint was unclear as to what constitutional right or rights plaintiff alleged had been violated and exactly what actions or inaction plaintiff believed violated his rights. <u>Id.</u> at p. 7. The court stated that the original complaint had not "sufficiently alleged that either defendant personally and directly denied his requests for medical care or mental health services, or that either defendant's direct action or inaction violated his constitutional rights." <u>Id.</u> at p. 9.

Plaintiff was also instructed that an amended complaint must contain all allegations and claims that plaintiff intends to pursue, including those retained from the original complaint and that plaintiff must allege facts describing the unconstitutional acts taken by each defendant, including dates, locations, and circumstances. <u>Id.</u> at p. 10. He was further informed that he could include relevant exhibits and attachments. <u>Id.</u> at p. 11.

2

III. <u>The amended complaint</u>

In his amended complaint, plaintiff alleges that his constitutional rights under the Fourth, Eighth and Fourteenth Amendments were violated because there was inadequate mental health care at LCJ from April 11, 2021 through February 15, 2022. He claims he was denied or delayed access to "past prescribed mental health care." Plaintiff indicates that LCJ does not have mental health service staff and that he was denied prescriptions. He does not identify the prescriptions, does not state when they were prescribed, does not allege that the prescriptions are current, does not identify a diagnosis from a mental health professional, and does not describe how he has been harmed.

The amended complaint makes reference to a letter written by an ACLU representative to LCJ officials. The letter is critical of the absence of mental health services at the jail based on reports from unnamed inmates or former inmates.

Plaintiff names as defendants Andrew Dedeke, the Sheriff of Leavenworth County, and Eric Thorne, LCJ's commander.

IV. <u>Screening the amended complaint</u>

A. <u>Fourth Amendment</u>

Plaintiff mentions the Fourth Amendment in the amended complaint. The Fourth Amendment, however, protects against unreasonable searches and seizures and requires probable cause for

the issuance of warrants.  It is not relevant to the facts alleged in the amended complaint.

   B. Eighth Amendment and Fourteenth Amendment

   The Eighth Amendment applies to conditions of confinement claims of inmates serving a sentence.  The Fourteenth Amendment applies to conditions of confinement claims of pretrial detainees. It is not entirely clear whether plaintiff was serving a sentence or a pretrial detainee during the time period alleged in the amended complaint.  The Tenth Circuit has held, however, that the Eighth Amendment standard for conditions of confinement claims brought by inmates serving a sentence apply to Fourteenth Amendment claims by pretrial detainees.  Burke v. Regalado, 935 F.3d 960, 991 (10th Cir. 2019).

   The Eighth Amendment prohibits "cruel and unusual punishments."  It imposes a duty to provide "humane conditions of confinement" and to ensure "that inmates receive adequate food, clothing, shelter, and medical care, and . . . [that] 'reasonable measures [be taken] to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994)(quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).  Two requirements must be met for an Eighth Amendment violation:  first, the act or omission must be objectively considered sufficiently serious, i.e. "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily

recognize the necessity for a doctor's attention. Requena v. Roberts, 893 F.3d 1195, 1215 (10th Cir. 2018)(interior quotations and citations omitted). Second, the action must be taken with a deliberate indifference to an inmate's health or safety. Id. Proof of inadvertence or negligence, even a showing of medical malpractice, is not sufficient to establish a valid claim. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); Perkins v. Kan. Dep't of Corrections, 165 F.3d 803, 811 (10th Cir. 1999). Plaintiff must show the defendants knew plaintiff "faced a substantial risk of harm and disregarded that risk 'by failing to take reasonable measures to abate it.'" Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999)(quoting Farmer, 511 U.S. at 847). A disagreement between an inmate and medical personnel over the course of treatment does not give rise to a deliberate indifference claim. Gee v. Pacheco, 627 F.3d 1178, 1192 (10th Cir. 2010).

The amended complaint alleges the denial or delayed access to "past prescribed" treatment or medications for mental health issues. Doc. No. 24, pp. 1,2 and 4. Plaintiff claims there was no staff to diagnose or evaluate anyone until January 25, 2022. Id. And, generally, the amended complaint asserts that mental issues do not improve on their own and, if untreated, they can lead to undesirable results. Doc No. 24, p. 5.

The court finds that the amended complaint's allegations fail to plausibly describe an objectively serious mental health

condition which mandated treatment.   Plaintiff asserts that "in the past" he was prescribed treatment for mental health issues. He does not allege what the issues were or what their effects were. Nor does he describe how the issues continued to impact plaintiff when he entered LCJ in April 2021.   This is insufficient to allege a constitutional violation.   The court notes that the Tenth Circuit held in <u>Holden v. GEO Grp. Priv. Prison Contractors</u>, 767 Fed.Appx. 692, 695 (10th Cir. 2019) that an alleged delay in substance abuse treatment resulting in "mental anguish, stress, anxiety [and] . . . depression" was insufficient to establish the substantial harm requirement of an Eighth Amendment violation.

The amended complaint also fails to plausibly show that either defendant was aware that plaintiff faced a substantial risk of harm and chose to disregard that risk.

For these reasons, the amended complaint fails to allege an Eighth Amendment or Fourteenth Amendment violation.

C. <u>Compensatory damages</u>

The amended complaint seeks damages in the amount of $6.5 million.[2]   Federal law, however, prohibits prisoners from bringing federal actions "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).   Plaintiff has not alleged a physical injury in the

---

[2] Plaintiff does not specifically ask for punitive damages and does not allege facts which would support a claim of punitive damages against either defendant.

amended complaint.  Therefore, plaintiff has not stated a plausible claim for monetary damages.

D. <u>Personal participation</u>

The amended complaint does not allege facts plausibly describing the required personal involvement by either defendant in a constitutional violation.

> "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." <u>Foote v. Spiegel</u>, 118 F.3d 1416, 1423 (10th Cir.1997).  Supervisory status alone does not create § 1983 liability. <u>Duffield v. Jackson</u>, 545 F.3d 1234, 1239 (10th Cir.2008). Rather, there must be "an affirmative link ... between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." <u>Green v. Branson</u>, 108 F.3d 1296, 1302 (10th Cir.1997) (quotation and brackets omitted).

<u>Gallagher v. Shelton</u>, 587 F.3d 1063, 1069 (10th Cir. 2009).  The amended complaint asserts that each defendant enforces a policy of not treating inmates such as plaintiff with mental health issues. This broad assertion is insufficient to establish that either defendant has caused or directed the failure of care alleged in the amended complaint.  Plaintiff does not describe the alleged "policy" in any detail, link plaintiff's alleged mistreatment to the policy, or allege facts showing that either defendant is responsible for creating, implementing, or operating the policy. For this reason, the amended complaint fails to state a claim against either defendant.  See <u>Peterson v. Creany</u>, 680 Fed.Appx. 692, 696-97 (10th Cir. 2017)(dismissing claim against prison warden

alleging policy of forcing mental health patients to take detrimental medications).

V. <u>Conclusion</u>

As stated above, the court finds that the amended complaint fails to state a claim. Therefore, the court orders that this case be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated this 6th day of June 2022, at Topeka, Kansas.


s/Sam A. Crow                              
U.S. District Senior Judge